```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Bobby V. Addison

    v.                                   Civil No. 15-cv-159-JD
                                              Opinion No. 2016 DNH 007
Warden E. L. Tatum, Jr.


O R D E R

Bobby V. Addison, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to overturn the results of a prison disciplinary proceeding, which revoked good-time credits as a penalty for fighting. The Warden moves to dismiss the case on the grounds that the hearing officer's decision properly did not credit Addison's self-defense argument and was supported by sufficient evidence. Addison did not respond to the motion to dismiss.

Standard of Review

A complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if the factual allegations, taken in the light most favorable to the plaintiff, fail to show that the plaintiff may recover under a plausible claim. Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015). To decide a motion under Rule 12(b)(6), the court considers any documents submitted with or incorporated into the complaint. Id.

Background

Addison was incarcerated in the Special Housing Unit at the Federal Correctional Facility in Fairton, New Jersey, when the incident at issue in this case occurred.[1]  Addison alleges that on May 15, 2014, officers put another inmate in Addison's cell as his cellmate.  When Addison got up fifteen minutes later to use the toilet, the new cellmate swung at him.  Addison got behind the other inmate and took him down to the floor in a "full nelson hold."  While holding down his cellmate on the floor, Addison kicked the door and yelled that the other inmate had swung at him.

Officer C. Nurse was conducting rounds and found Addison holding the other inmate in a "full nelson hold."  Addison was yelling:  "This guy is swinging on me!  I had to defend myself."  Nurse also saw blood on the other inmate's face and on the door glass.

Addison was charged with fighting, offense code 201.  A hearing was held on May 29, 2014.  The discipline hearing officer's report states that notice of the charge was given to Addison on May 16 and that Addison was advised of his rights for the hearing on May 21.  Addison waived his right to a staff

---

[1] Addison is now held at the Federal Correctional Facility in Berlin, New Hampshire.

representative for the hearing and did not request any witnesses for the hearing.

At the hearing, Addison admitted that the incident occurred. He stated that the other inmate was only in the cell for fifteen minutes when the inmate swung at him as Addison got up to use the bathroom. Addison also stated that he put the other inmate in a "full-nelson" to restrain him. Addison denied the charge of fighting on the ground that he was only trying to restrain the other inmate.

The hearing officer found that Addison "did commit the prohibited act of Fighting With Another Person, Code 201." By way of explanation, the hearing officer stated:

> You admitted being [in] a hostile physical altercation with inmate [name omitted] but denied any wrong doing. You offered as your defense that you were just trying to restrain inmate [name omitted]. The DHO took into consideration your statement and gave little weight to your defense. The prohibited act of fighting is committed when an inmate engages in a hostile, verbal or physical altercation with another person. The evidence indicates you put inmate [name omitted] in a full-nelson hold after he tried to punch you. Self-defense is not a plausible defense to fighting in the correctional setting. You chose to become an active participant in a hostile altercation. You are responsible for your own actions.

Doc. no. 1, attachment, at 4. The discipline imposed was disciplinary segregation for thirty days and disallowing twenty-seven days of good conduct time. The decision was delivered to Addison on October 6, 2014.

Addison appealed the decision, arguing that the charge against him should have been brought under Code 224 instead of 201 because Code 224 is "a lesser level of violation." Addison also argued that the new cellmate was classified as "Category III mental health" and should not have been put in his cell and that the hearing officer erred in ruling that self-defense was not a plausible defense to the charge. The appeal was denied by the regional director because the hearing officer's decision was based on the greater weight of the evidence. Addison then appealed to the General Counsel of the Federal Bureau of Prisons and states in his petition filed here that the appeal was not answered.

## Discussion

In his petition seeking relief under § 2241, Addison indicates that he is challenging the discipline imposed but did not complete the sections of the petition for stating the grounds. Addison attached to the petition a document titled: "Tort Claim under FTCA and 28 USC § 2241 of Petitioner Bobby Addison."[2] Addison argues in the attached document that he did not commit the violation as charged because he restrained the other inmate in self defense and that there was insufficient

---

[2] Addison's claim under the Federal Tort Claims Act has been docketed as a separate case, and therefore that claim is not considered here.

4

evidence to support the disciplinary decision.  The Warden moves to dismiss the petition on the grounds that the hearing officer's decision was based on sufficient evidence and self defense is not a defense to a disciplinary charge in the prison environment.

An inmate who is in federal custody may challenge the execution of his sentence, including the loss of good-time credits, through a petition under § 2241.  Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (noting the Supreme Court's dicta to the contrary in Pepper v. United States, 562 U.S. 476 (2011)).  To succeed, however, the inmate must show that the discipline was imposed in violation of due process.  See Superintendent v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974).

A.  Self Defense

Although the First Circuit has not addressed the issue, other courts have held that an inmate can be disciplined for violent conduct even if the inmate acted in self defense.  Smith v. Roal, 494 F. App'x 663, 664-65 (7th Cir. 2012) (citing Jones v. Cross, 637 F.3d 841, 847-48 (7th Cir. 2011) and Scruggs v. Jordan,  485 F.3d 934, 941 (7th Cir. 2007)); Williams v. Kort, 223 F. App'x 95, 100 (3d Cir. 2007); Gates v. Brown, 2015 WL 5971140, at *3 (S.D. Ind. Oct. 14, 2015); Moore v. Denham, 2015

5

WL 3412874, at *4 (D. Colo. May 27, 2015); Dunn v. Swarthout, 2014 WL 3529915, at *10 (E.D. Cal. July 15, 2014) (citing cases); Romm v. Wilson, 2012 WL 6021325, at *5 (E.D. Va. Nov. 30, 2012). Further, an inmate has no constitutional right to use violence to defend himself or to rely on a theory of self defense in a prison disciplinary proceeding. Scruggs, 485 F.3d at 938-39.

Following the cited authority, Addison's assertion of self defense does not show that the hearing officer's decision violated his due process rights.

B.  Sufficiency of the Evidence

The decision of a prison disciplinary hearing officer that results in the loss of good-time credits must be supported by "some evidence in the record." Superintendent, 472 U.S. at 454. "This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Id. at 455 (internal quotation marks omitted). Stated in other terms, "the relevant question is whether there is any evidence in the record that could support the conclusion of the disciplinary board." Id. at 455-56.

Here, the evidence was more than sufficient to support the hearing officer's decision. Addison admitted that he grabbed his cellmate, put him in a full nelson hold, and took him down

6

to the floor.  Officer Nurse saw blood on the inmate's face and on the glass door of the cell, which showed that Addison's actions were hostile and violent enough to cause the other inmate to bleed.  Therefore, the evidence in the record supports the hearing officer's decision.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 9) is granted.  All claims in the petition brought under § 2241 are dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*[signature]*
Joseph DiClerico, Jr.
United States District Judge

January 8, 2016

cc:   Bobby V. Addison, prose
      Seth R. Aframe, Esq.